UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:08-cv-00027-R

**ERIC TAYLOR**                                                                                           **PLAINTIFF**

v.

**TECO BARGE LINE, INC., et al.**                                                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion for Summary Judgment (Docket #73). Plaintiff has responded (Docket #77), and Defendants have replied (Docket #97). This matter is now ripe for adjudication. For the reasons that follow, Defendants' Motion is DENIED.

Also before the Court is Defendants' Motion to Preclude Plaintiff's Claim for Negligence Per Se (Docket #95). Plaintiff responded (Docket #105), and Defendants replied (Docket #114). This matter is now ripe for adjudication. For the reasons that follow, Defendants' Motion is GRANTED.

Additionally, Plaintiff has filed a Motion for Leave to Amend (Docket #109), to which Defendant has responded (Docket #115). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion is DENIED.

BACKGROUND

This matter arises out of an alleged injury suffered by Plaintiff Eric Taylor while working as a deckhand on board the M/V Diane Oak on or about December 2005. Many facts in this matter are disputed. In his Complaint, Taylor alleges that he injured his back after "Defendants' crew negligently rushed a job following Hurricane Katrina and the Captain ordered him to lift a pump in excess of 150 pounds by himself." (Compl. ¶ 9.) He now states that he had "already

lifted three to four pumps and was in the process of lifting another massive three-inch pump when he suddenly heard a 'pop' in his back." (Pl.'s Resp. to Defs.' Mot. Summ. J. 2.) Defendants Teco Barge Line, Inc., et al. ("Teco") have moved for summary judgment, arguing that the facts do not support the necessary elements of negligence or a claim of unseaworthiness.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

DISCUSSION

    A.    <u>Negligence</u>

"[I]n suits under the Jones Act, the court must determine whether the evidence justifies the conclusion that the employer was negligent and that the employer's negligence played any part, however slight, in producing the injury to the seaman." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 598 (6th Cir. 2001) (explaining that there is a "reduced standard for causation between the employer's negligence and the employee's injury" under the Jones Act). "In order to establish negligence, 'a plaintiff must show that her employer failed to provide a safe workplace by neglecting to cure or eliminate obvious dangers of which the employer or its agents knew or should have known and that such failure caused the plaintiff's injuries and damages.'" *Taylor v. TECO Barge Line, Inc.*, 517 F.3d 372, 383 (6th Cir. 2008) (quoting *Rannals v. Diamond Jo Casino*, 265 F.3d 442, 449 (6th Cir. 2001)). When considering a motion for summary judgment on a Jones Act claim, a court should be "mindful of the 'policy of providing an expansive remedy for seamen' who are injured while acting in the course of their employment and recognize that the 'submission of Jones Act claims to a jury requires a very low evidentiary threshold.'" *Rannals*, 265 F.3d at 447 (citation omitted).

Here, Defendants argue that Taylor cannot establish the negligence elements of breach or causation. "To recover, the plaintiff must first establish 'the breach of a duty to protect against foreseeable risks of harm.'" *Perkins*, 246 F.3d at 599 (citation omitted). Taylor argues that Defendants were negligent because they failed to provide him with alternate methods for lifting pumps. Taylor further argues that the M/V Diane Oak was understaffed, making it difficult for him to obtain assistance.

Defendants contend that lifting the pump presented no foreseeable risk of harm. They state that because the task is routinely and frequently completed, without incident and without injury, it can only be characterized as reasonably safe. Defendants also note that they were never notified of an allegedly unsafe condition. Additionally, Defendants dispute Taylor's claim that the M/V Diane Oak was understaffed.

According to Taylor, when he was injured he was extremely fatigued from working thirteen to sixteen hour shifts in extreme heat. He testified that instead of taking breaks every 15-25 minutes for every 45 minutes of work, he was instead taking a break every hour. Taylor also states that the other deckhands were too busy to assist him, and that the captain was aware of the lack of deckhands. Additionally, Plaintiff has submitted expert testimony that repeatedly lifting heavy pumps would eventually cause injury.

Resolving all ambiguities and drawing all reasonable inferences in favor of Taylor, and recognizing that the submission of Jones Act claims to a jury requires a very low evidentiary threshold, the Court finds that summary judgment in favor of Defendants would be inappropriate. Taylor has submitted sufficient evidence such that, if proven, a reasonable jury could find for him. Further, there are several key material facts which are disputed, including when Taylor was injured, the circumstances surrounding his injury, how long he had been working that week prior to his injury, what he was ordered to do, how much the pumps weighed, whether other deckhands were available to assist him, and what the Defendants had knowledge of.

    B.    <u>Negligence Per Se</u>

Taylor argues that Defendants were negligent per se by requiring him to work more than

eight hours in one day in violation of 46 U.S.C. § 8104(d) and 46 C.F.R. § 15.710.  46 U.S.C. § 8104(d) provides as follows:

> On a merchant vessel of more than 100 gross tons as measured under section 14502 of this title, or an alternate tonnage measured under section 14302 of this title as prescribed by the Secretary under section 14104 of this title (except a vessel only operating on rivers, harbors, lakes (except the Great Lakes), bays, sounds, bayous, and canals, a fishing, fish tender, or whaling vessel, a fish processing vessel of not more than 5,000 gross tons as measured under section 14502 of this title, or an alternate tonnage measured under section 14302 of this title as prescribed by the Secretary under section 14104 of this title, yacht, or vessel engaged in salvage operations), the licensed individuals, sailors, coal passers, firemen, oilers, and water tenders shall be divided, when at sea, into at least 3 watches, and shall be kept on duty successively to perform ordinary work incident to the operation and management of the vessel. The requirement of this subsection applies to radio officers only when at least 3 radio officers are employed. A licensed individual or seaman in the deck or engine department may not be required to work more than 8 hours in one day.

46 C.F.R. § 15.710 provides:

> In addition to prescribing watch requirements, 46 U.S.C. 8104 sets limitations on the working hours of licensed individuals and crew members, prescribes certain rest periods, and prohibits unnecessary work on Sundays and certain holidays when the vessel is in a safe harbor. It is the responsibility of the master or person in charge to ensure that these limitations are met. . . .

Defendants responded to this argument in their reply brief, and also filed a separate Motion to Preclude Plaintiff's Claim for Negligence Per Se.  Defendants argue that 46 U.S.C. § 8104(d) does not apply to Taylor because the M/V Diane Oak is an inland river towing vessel.

The plain language of the statute creates an exception for "a vessel only operating on rivers."  46 U.S.C. § 8104(d).  This exception applies to the entire subsection, including the portion that prohibits a licensed individual or seaman in the deck or engine department from

5

working for more than eight hours in one day.  The Court's reading of the statute is also supported by the United States Coast Guard Marine Safety Manual, which recognizes that "[t]here is no statute addressing workhours for unlicensed seamen within the inland river towing industry."  Additionally, Plaintiff's expert, Don Green, acknowledged that the "work hour rules . . . don't specifically apply to deckhands."  (Green Dep. 44:20-23, Nov. 11, 2008.)

Therefore, even if the term "seaman" in the statute included an unlicensed seaman, the work hours restriction would not apply to Taylor because there is no dispute that the M/V Diane Oak operates only on rivers.  Consequently, Taylor is precluded from asserting a claim of negligence per se and from offering the statute as evidence of any negligence on the part of the Defendants.  Allowing Taylor to introduce evidence of an inapplicable statute would be confusing and prejudicial.  Taylor may still introduce evidence of his fatigue and the long hours he claims to have worked, but may not reference standards that do not apply to seaman working on inland river towing vessels.

C.      Seaworthiness

"Under the seaworthiness doctrine, there is an absolute duty to maintain a seaworthy ship, the breach of which imposes liability without fault, i.e., strict liability."  *Perkins*, 246 F.3d at 602.  "However, a vessel need not be 'free from all possibility of mishap, for the seaworthiness of a ship is a relative concept, dependent in each instance upon circumstances.'"  *Id.*  "To prove an unseaworthiness claim, a plaintiff must show that the unseaworthy condition of the vessel was the substantial and direct or proximate cause of the plaintiff's injuries."  *Id.*  "Generally, unseaworthiness is a question of fact for the jury and should not be resolved by the district court as a matter of law."  *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 904 (6th

Cir. 2006).

Taylor argues that the M/V Diane Oak was unseaworthy because it was understaffed and because he was instructed by the captain to improperly lift equipment.  A vessel may be unseaworthy if an insufficient number of workers were assigned to perform a shipboard task, *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 517-18 (1971), or if "its crew is instructed to use unsafe work methods," *Churchwell*, 444 F.3d at 904.  Defendants argue that Taylor has not submitted sufficient evidence to show that the vessel was understaffed or that anyone directed Taylor to perform an unsafe procedure.

The Court finds that there is a genuine dispute as to material facts that precludes summary judgement on Taylor's seaworthiness claim.  Plaintiff has testified that he could not obtain assistance to lift the pumps because his fellow deckhands were too busy, and that he was instructed to lift the pumps by the captain.  Resolving all ambiguities and drawing all reasonable inferences in favor of Taylor, and recognizing that generally seaworthiness is a question of fact for the jury, the Court finds that summary judgment in favor of Defendants would be inappropriate.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment is DENIED, Defendants' Motion to Preclude Plaintiff's Claim for Negligence Per Se is GRANTED and Plaintiff's Motion for Leave to Amend is DENIED as moot.