UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:08-CV-27-R

ERIC TAYLOR,                                                                                                PLAINTIFF

v.

TECO BARGE LINE, INC. et al.,                                                                  DEFENDANTS

**OPINION AND ORDER**

This matter comes before the Court on Defendant TECO Barge Line, Inc's Motion to Exclude Plaintiff's Expert (Docket #75). Plaintiff Eric Taylor has filed a response (Docket #78). Defendant has filed a reply (Docket #96). At the request of the Court Plaintiff filed a list of Commander Green's proposed opinions (Docket #131). Plaintiff then filed a notice of a supplemental list of Commander Green's proposed opinions (Docket #141). Defendant objected to this supplemental list (Docket #147). This matter is now ripe for adjudication. For the reasons that follow, Defendant's motion is GRANTED in part and DENIED in part.

**BACKGROUND**

This matter arises out of an alleged injury suffered by Plaintiff Eric Taylor while working as a deckhand on board the M/V Diane Oak on or about December 2005. Plaintiff intends to call Don J. Green of KDON Marine Consulting as his marine liability expert. Defendant TECO Barge Line has moved to exclude Plaintiff's expert.

Green intends to offer testimony concerning the Revised Lifting Equation ("Lifting Equation") issued in 1991 by the National Institute for Occupational Safety and Health ("NIOSH"). The OSH Act established the NIOSH as a part of the Department of Health and Human Services. 29 U.S.C. § 671(a). The NIOSH is authorized to develop and establish recommended occupational

safety and health standards. 29 U.S.C. § 671(c).

The Lifting Equation was designed to assist in the identification of ergonomic solutions for reducing the physical stresses associated with manual lifting. DHHS (NIOSH) Publication No. 94-110, *Applications Manual for the Revised NIOSH Lifting Equation* ("Manual"), p. v, found at www.cdc.gov/niosh/docs/94-110/. The principal product of the revised NIOSH lifting equation is the creation of a Recommended Weight Limit ("RWL"). Manual, p. 4. The RWL is defined for a specific set of task conditions as the weight of the load that nearly all healthy people could perform over a substantial period of time.

The Lifting Equation begins with a"load constant" established by NIOSH is about 51 pounds. The 51 pound load limit may be decreased under the equation by those various factors, which would decrease the load constant's baseline weight to a recommended weight limit. Manual, p. 12. The load constant represents the maximum recommended load weight to be lifted under ideal conditions. Manual, p. 12. There are six task variables that are multiplied with the load constant, which decrease the load constant and results in the calculation of a RWL.

Green also intends to testify concerning the Occupation Safety and Health Administration ("OSHA") general duty standard. The general duty clause of the Occupational Safety and Health Act of 1970 requires that each employer shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees." 29 U.S.C. § 654. Defendant has moved to exclude Green's testimony concerning the Lifting Equation and the general duty standard.

## DISCUSSION

The admissibility of expert witness testimony is governed by Fed R. Evid. 104(a) and 702,

applied under the rubric established in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). The Rules require that the Court ensure that any and all expert testimony or evidence "is not only relevant, but reliable." *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 250 (6th Cir. 2001) (quoting *Daubert*, 509 U.S. at 589).

As an initial matter, the Court finds that Plaintiff's intended use of the Lifting Equation is not relevant in the determination of this action. "The NIOSH guideline is intended to determine a safe lifting task to prevent back injuries and potentially reduce other musculo-skeletal injuries." *Touray v. Glacier Fish Co., LTD.*, No. C05-1388, 2007 WL 189084, at *4 (W.D. Wash. Jan. 22, 2007). One district court, sitting as the fact-finder during a bench trial, when analyzing the use of the Lifting Equation found that:

> Plaintiff has not shown, however, that the guideline has ever been adapted or applied in these circumstances. The guideline is not part of the regulations of the Occupational Safety and Health Administration ("OSHA"). There was no evidence that OSHA has used the guideline to issue citations to commercial fishing vessels. Plaintiff did not cite any cases, and Captain Greiner was not aware of any, which used the NIOSH guideline to determine negligence or unseaworthiness."

*Id.* The Court finds that the *Touray* court's concerns about the Lifting Equation are equally applicable to relevance inquiry in this Court's gatekeeping function under *Daubert*. Plaintiff has simply failed to offer sufficient evidence that the Lifting Equation is relevant to determine negligence or unseaworthiness.

The Court also has concerns about the Lifting Equations applicability to the real world. The Lifting Equation is designed to limit lifting to a weight that nearly all healthy individuals could perform for a substantial period of time. This is a separate issue from idea that the Lifting Equation is proof of negligence whenever an employer allows an employee to lift more than 51 pounds. Plaintiff has failed to offer evidence that this is an accepted use of the Lifting Equation. A per se

3

lifting limit of 51 pounds is contrary to any standard of reasonable care the Court is aware of in the maritime industry, or any other industry. *See also Touray*, 2007 WL 189084, at *4 ("[T]he purpose of the guideline is to prevent all lifting injuries 'by setting a weight limit so as to protect almost the entire working population.' . . . The guideline is intended to protect the 'weak guy to prevent 99% of injuries.'")

The lack of real world applicability of the NIOSH lifting equation is underscored by Plaintiff's intended use of the equation. The Manual offers several limitations to the applicability of the equation. Additionally, it offers detailed analysis of the variables that are used to apply the equation to a specific situation. There is no indication that Plaintiff intends to offer detailed analysis of the applicably of the lifting equation to the current case. On the contrary, Plaintiff appears to argue that the equation is proof that an employer that allows a single person to lift more than 51 must be acting negligently. Such a rough use of the equation would only serve to confuse the jury. Furthermore, the Court finds any probative value of the testimony is outweighed by the danger of unfair prejudice and confusion of the issues the testimony would create.

Additionally, the Court finds that Green is not qualified to offer opinion testimony concerning ergonomics. Green has no background in medicine, biomechanics, or ergonomics. He lacks any expertise, specialized training, or education that would allow him to assist the jury in understanding the Lifting Equation.

It is not merely Green's lack of formal training in ergonomics that leads the Court to this conclusion. This case is distinguishable from *Bennett v. CSX Transp., Inc.*, 1:05-cv-839, 2006 WL 5249702, (N.D. Ga. September 19, 2006), in which a district court qualified an expert in ergonomics despite the fact that the expert did have any degrees in a field related to ergonomics, because he had

taken significant course work in the field of ergonomics, has extensive work experience in ergonomics, and has published in the field. *Id.* at *5. Plaintiff argues that Green has experience in implementing safety policies and procedures for maritime companies. However, there is nothing in this background that would allow the Court to find that these experiences have allowed Green to develop any level of expertise in the field of ergonomics. It is also unclear whether Plaintiff is offering Green to opine that the multiple liftings or the amount of the weight itself caused the injury. For these reasons, the Court finds that Green's testimony concerning the NIOSH Lifting Equation is properly excluded.

Defendant also argues that Green's testimony concerning OSHA's general duty standard should be excluded. The general duty clause of the OSH act of 1970 requires that each employer shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees. 29 U.S.C. § 654.

The jury will be required to determine whether Defendant provided Plaintiff with a reasonably safe place to work. Green opines that the OSHA general duty clause requiring a safe work place, free of recognized hazards was breached. Defendant argues that the issue of whether Plaintiff was provided a reasonably safe place to work is one for the jury, and allowing testimony by Green to the effect that the OSHA general duty clause was violated invades the province of the jury.

It appears to the Court that a violation of the OSHA general duty clause can be relevant as to whether Defendant provided a reasonably safe place to work. The Court finds that Green may opine that the general duty clause was breached and explain his reasons in support of his opinion.

In his deposition he testified that he concluded that the long hours Plaintiff worked, the weather, and that Plaintiff was required to lift a heavy pump multiple times without assistance resulted in Plaintiff not having reasonably safe conditions of employment, as such were a violation of the general duty clause. Defendant's objections go more towards the weight of Green's opinions, and are more properly brought out in cross-examination. Defendant will have the opportunity to point out any perceived shortcomings in Green's opinion concerning the general duty clause and the factual basis for his opinions at that time, and ultimately the jury will decide whether to accept or reject Green's conclusion that Defendant violated the OSHA general duty clause.

Green has considerable experience in the maritime industry. He was twenty-three years of Coast Guard service, rising to the rank of Commander. He has served six years as a senior corporate officer of several maritime companies. He has had some limited experience working as a deckhand. He has worked as a safety consultant for companies writing safety policies and safety manuals, observed deckhands at work, and is familiar with the work of a deckhand. He has been a marine consultant form many years, where he investigated marine accidents, analyzed safety operations and provided expert testimony in various marine accident cases.

Defendant argues that most of Green's work has been concerned with boats in the open sea, and that Green has seen little of the inland barge industry. Defendant also notes that Green only worked as a deckhand for six months. The fact that the accident happened on a towboat on the Mississippi or on a boat on the open seas is not determinative of Green's status as an expert. In short, the location and types of boat Green worked on may be valid questions for cross-examination, however, they are not disqualifications to Green testifying.

Defendant next argues that Green may not offer any opinion testimony criticizing the actions

of the captain of Plaintiff's vessel, because Green has never worked as a captain or pilot of a towing vessel. However, the Court finds that Green has ample maritime experience, and that his experience in implementing safety policies and procedures for maritime companies is sufficient to allow him be of assistance to the jury. Defendant has offered no specific reason why its particular subset of the maritime industry is so different as to render Green's experience irrelevant. Therefore, Green may testify as to his criticisms of the actions the captain took on the day Plaintiff was injured.

On June 9, 2009, Plaintiff filed a Supplemental List of Commander Green's Proposed Opinions for Trial. In that document, Plaintiff states that Green informed him on June 8, 2009, of two additional documents in support of his opinions concerning repetitive lifting.

1. The International Standard ISO 11228-1, Ergonomics-Manual handling, Part 1: Lifting and Carrying, and

2. The Crew Endurance Management Practices Guide.

These documents were filed on the eve of trial. The motion in limine concerning the NIOSH Lifting Equation has been pending for some time. Defendant would be greatly prejudiced by allowing new evidence, or any additional expert or factual basis for an opinion  Plaintiff may not rely on these newly listed basis for an expert opinion.

Finally, Defendant argues that Green should be excluded from directly offering an opinion as to negligence of Defendant or the unseaworthiness of the vessel. Defendant is correct that it is the responsibility of the Court to define the terms "negligence" and "seaworthy" for the jury, and that the jury will ultimately decide those issues. Green is free to offer his opinion as to the standard of care Defendant should have followed, or his opinion as to why the vessel was unfit, but he must be careful not define any legal term of art that must be defined by the Court in its instructions to the jury.

## CONCLUSION

Defendant's motion is GRANTED in so far as Donald Green's testimony concerning the NIOSH Lifting Standards, Green's supplemental proposed opinions, and any opinion Green has concerning the precise legal standards of negligence and seaworthiness are excluded. In all other respects Defendant's motion is DENIED.

**IT IS SO ORDERED.**