IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | | |
|---|---|---|
| ERIC TAYLOR | § | |
| | § | |
| VS. | § | NO. 5:08-CV-27-R |
| | § | |
| | § | |
| TECO BARGE LINE, INC., ET AL. | § | |
| | § | |
| | § | |

**Plaintiff's Proposed Jury Charge**

MEMBERS OF THE JURY:

**<u>CONSIDERATION OF THE EVIDENCE</u>**[1]

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence - such as testimony of an eyewitness. The other is indirect or circumstantial evidence - the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all

---

[1] Pattern Jury Instructions (5th Cir.) at 2.18.

the evidence, both direct and circumstantial.

## DEPOSITION TESTIMONY[2]

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a

deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read or shown to you today. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.

## PLAINTIFF'S CLAIMS[3]

The Plaintiff Eric Taylor is asserting three claims against the Defendants Teco Barge Line, Inc. and the M/V Diane Oak in this case.

Mr. Taylor's first claim, under a federal law known as the Jones Act, is that the Defendants, acting through their employees, were negligent and that their negligence was a cause of Mr. Taylor's injuries.

Mr. Taylor's second claim is that the unseaworthiness of the M/V Diane Oak, which was

---

[2] Pattern Jury Instructions (5th Cir.) at 2.23.

[3] Pattern Jury Instructions (5th Cir.) at 4.3.

owned by the Defendant Teco Barge Line, Inc., caused his injuries.

Mr. Taylor's third claim is for Maintenance and Cure.

You must consider each of these claims separately. Mr. Taylor is not required to prove all of these claims. He may recover if he proves any one of them. However, he may only recover those damages or benefits that the law provides for the claims that he proves; he may not recover the same damages or benefits more than once.

## **JONES ACT - NEGLIGENCE**[4]

Under the Jones Act, Mr. Taylor must prove that his employer was negligent. Negligence is the doing of an act that a reasonably prudent person would not do, or the failure to do something that a reasonably prudent person would do, under the same or similar circumstances. The occurrence of an accident, standing alone, does not mean anyone's negligence caused the accident.

In a Jones Act claim, the word "negligence" is given a liberal interpretation. It includes any breach of duty that an employer owes to his employees who are seamen, including the duty of providing for the safety of the crew.

Under the Jones Act, if the employer's negligent act caused the plaintiff's injury, in whole or in part, then you must find that the employer is liable under the Jones Act.
Negligence under the Jones Act may consist of a failure to comply with a duty required by law. Employers of seamen have a duty to provide their employees with a reasonably safe place to work.

If you find that Mr. Taylor was injured because TECO Barge Line, Inc. failed to furnish him with a reasonably safe place to work, and that Mr. Taylor's working conditions could have been made

---

[4] Pattern Jury Instructions (5th Cir.) at 4.4.

safe through the exercise of reasonable care, then you must find that the Defendant was negligent.

The fact that the Defendant conducted its operations in a manner similar to that of other companies is not conclusive as to whether the defendant was negligent or not.
You must determine if the operation in question was reasonably safe under the circumstances. The fact that a certain practice has been continued for a long period of time does not necessarily mean that it is reasonably safe under all circumstances. A long accepted practice may be an unsafe practice. However, a practice is not necessarily unsafe or unreasonable merely because it injures someone.

A seaman's employer is legally responsible for the negligence of one of his employees while that employee is acting within the course and scope of his job. If you find from a preponderance of the evidence that the Defendant's employees assigned Mr. Taylor to perform a task that without an adequate manpower, without sufficient rest, and/or without necessary mechanical assistance, you must find that the Defendant was negligent.

## UNSEAWORTHINESS[5]

Mr. Taylor seeks damages for personal injury that he claims was caused by the unseaworthiness of TECO Barge Line, Inc.'s vessel, the M/V Diane Oak.

A shipowner owes to every member of the crew employed on its vessel the absolute duty to keep and maintain the ship, and all decks and passageways, appliances, gear, tools, parts and equipment of the vessel in a seaworthy condition at all times.

A seaworthy vessel is one that is reasonably fit for its intended use. The duty to provide a seaworthy vessel is absolute. The owner may not delegate that duty to anyone. Liability for an

---

[5] Pattern Jury Instructions (5th Cir.) at 4.5.

unseaworthy condition does not in any way depend upon negligence or fault or blame. If an owner does not provide a seaworthy vessel–a vessel that is reasonably fit for its intended use–no amount of care or prudence excuses the owner.

The duty to provide a seaworthy vessel includes a duty to supply an adequate and competent crew. A vessel may be unseaworthy even though it has a numerically adequate crew, if too few persons are assigned to a given task.

However, the owner of a vessel is not required to furnish an accident free ship. He need only furnish a vessel and its appurtenances that are reasonably fit for their intended use and a crew that is reasonably adequate for their assigned tasks.

The owner is not required to provide the best appliances and equipment, or the finest of crews, on his vessel. He is only required to provide gear that is reasonably proper and suitable for its intended use, and a crew that is reasonably adequate.

In summary, if you find that the Defendant did not provide an adequate crew of sufficient manpower to perform the tasks required, or if you find that the vessel was in any manner unfit in accordance with the law as I have just explained it to you and that this was a proximate cause of the injury, a term I will explain to you, then you may find that the M/V Diane as unseaworthy and the Defendant liable, without considering any negligence on the part of the Defendant or any of its employees.

However, if you find that the Defendant had a capable, sufficient crew and appliances and gear that were safe and suitable for their intended use, then the M/V Diane was not unseaworthy and the Defendant is not liable to Mr. Taylor on the claim of unseaworthiness.

## **MAINTENANCE AND CURE**[6]

Mr. Taylor's third claim is that, as a seaman, he is entitled to recover Maintenance and Cure. This claim is separate and independent from both of Mr. Taylor's Jones Act and unseaworthiness claims. You must decide this claim separately from your determination of his Jones Act and unseaworthiness claims.

Maintenance and Cure is a seaman's remedy.

Maintenance and cure provides a seaman, who is disabled by injury or illness while in the service of the ship, medical care and treatment, and the means of maintaining himself, while recuperating.

When a seaman becomes ill and injured while in the service of his ship, the shipowner must pay him maintenance and cure whether the shipowner was at fault or whether the ship was unseaworthy.[7]   When there are ambiguities or doubts, they are resolved in favor of the seaman.[8]

A seaman is entitled to maintenance and cure even though he was not injured as a result of any negligence on the part of his employer or any unseaworthy condition of the vessel. To recover maintenance and cure, a plaintiff need only show that he suffered injury or illness while in the service of the vessel on which he was employed as a seaman. The injury or illness need not be work related, it need only occur while the seaman is in the service of the ship. And maintenance and cure may not be reduced because of any negligence on the part of the seaman.

---

[6] Pattern Jury Instructions (5th Cir.) at 4.5.

[7] *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496, 1499 (5th Cir. 1995) (non-pattern).

[8] *Vaughan v. Atkinson*, 369 U.S. 527, 532, 82 S.Ct. 997 (1962) (non-pattern).

The "cure" to which a seaman may be entitled includes the cost of medical attention, including the services of physicians and nurses as well as the cost of hospitalization, medicines, and medical apparatus. However, the employer does not have a duty to provide cure for any period of time during which a seaman is hospitalized at the employer's expense.

Maintenance is the cost of food and lodging, and transportation to and from a medical facility. A seaman is not entitled to maintenance for that period of time that he is an inpatient in any hospital, because the cure provided by the employer through hospitalization includes the food and lodging of the seaman.

A seaman is entitled to receive maintenance and cure from the date he leaves the vessel until he reaches the point of what is called "maximum cure." Maximum cure is the point at which no further improvement in the seaman's medical condition is reasonably expected. Thus, if it appears that a seaman's condition is incurable, or that

the treatment will only relieve pain but will not improve a seaman's physical condition, he has reached maximum cure. The obligation to provide maintenance and cure usually ends when qualified medical opinion is to the effect that maximum possible cure has been accomplished.

If you decide that Mr. Taylor is entitled to maintenance and cure, you must determine when the Defendant's obligation to pay maintenance began, and when it ends. One factor you may consider in determining when the period ends is the date when the seaman resumed his employment, if he did so. However, if the evidence supports a finding that economic necessity forced the seaman to return to work prior to reaching maximum cure, you may take that finding into consideration in determining when the period for maintenance and cure ends.

If you find that Mr. Taylor is entitled to an award of damages under either the Jones Act or unseaworthiness claims, and if you award him either lost wages or medical expenses, then you may not award him maintenance and cure for the same period of time. That is because a plaintiff may not recover twice for the same loss of wages or medical expenses. However, a plaintiff may also be entitled to an award of damages for failure to pay maintenance and cure when it was due.

## CAUSATION[9]

In determining causation, a different rule applies to the Jones Act claim and to the unseaworthiness claim.

Under the Jones Act, an injury or damage is considered caused by an act or failure to act if the act or omission brought about or actually caused the injury or damage, in whole or in part. Evidence of the slightest negligence is sufficient to sustain a finding of Jones Act negligence. The burden of proof on a Plaintiff to show causation in a Jones Act case has been described as "featherweight."

In an unseaworthiness claim, a plaintiff must show, not merely that the unseaworthy condition was a cause of the injury, but that such condition was a proximate cause of it. This means that the plaintiff must show that the condition in question played a substantial part in bringing about or actually causing his injury, and that the injury was either a direct result or a reasonably probable consequence of the condition.

## CONTRIBUTORY NEGLIGENCE[10]

---

[9] Pattern Jury Instructions (5th Cir.) at 4.6.

[10] Pattern Jury Instructions (5th Cir.) at 4.7.

The Defendants contend that Mr. Taylor was negligent and that his negligence caused or contributed to cause his injury. This is the defense of contributory negligence. The Defendants have the burden of proving that Mr. Taylor was contributorily negligent and that the contributory negligence was a proximate cause of his injuries, if any. If the Mr. Taylor was guilty of contributory negligence, that contributed to his injury, he nevertheless may recover. However, the amount of his recovery will be reduced by the extent of his contributory negligence.

A seaman is obligated to act with ordinary prudence under the circumstances. The circumstances of the seaman's employment include not only his reliance on his employer to provide a safe work environment, but also his own experience, training, and education. A seaman has a duty to exercise the degree of care for his own safety that a reasonable person would exercise in like circumstances.

If you find that the Defendant was negligent and that its negligence was a proximate cause of Mr. Taylor's injury and if you find that Mr. Taylor was contributorily negligent and that his negligence was a proximate cause of his injury, then you must determine the percentage Mr. Taylor's contributory negligence contributed to his injury. This relates to the Percentage of Responsibility. You will make this finding by filling in the appropriate blanks on the Jury Questionnaire that I will explain later.

## DAMAGES[11]

If you find that Defendant is liable, you must award the amount you find by a preponderance

---

[11] Pattern Jury Instructions (5th Cir.) at 4.8.

of the evidence as full and just compensation for all of Mr. Taylor's damages. Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, for it is only actual damages, what the law calls compensatory damages - that are recoverable. However, compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make the Plaintiff whole, or to restore him to the position he would have been in if the accident had not happened.

You should consider the following elements of damages, to the extent you find that the Plaintiff has established such damages by a preponderance of the evidence; physical pain and suffering including physical disability, impairment, and inconvenience, and the effect of the plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life; mental anguish and feelings of economic insecurity caused by disability; income loss in the past; impairment of earning capacity or ability in the future, including impairment in the normal progress in the Plaintiff's earning capacity due to his physical condition; past medical expenses; the reasonable value, not exceeding actual cost to the plaintiff, of medical and life care that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question.

Some of the damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate the plaintiff for his injuries.

Any award you make to the Plaintiff is not subject to income tax; neither the state nor the federal government will tax it. Therefore, you should determine the amount that plaintiff is entitled

to receive without considering the effect of taxes upon it.

You may not award damages for any injury or condition from which the Plaintiff may have suffered, or may now be suffering, unless it has been proved by a preponderance of the evidence that the accident proximately or directly caused such injury or condition.

### LOSS OF FUTURE EARNINGS (REPLACEMENT FOR CULVER II)[12]

If you find that Mr. Taylor is entitled to an award of damages for loss of future earnings, there are two particular factors you must consider. First, you should consider loss after income taxes; that is, you should determine the actual or net income that plaintiff has lost or will lose, taking into consideration that any past or future earnings would be subject to income taxes. You must award the Plaintiff only his net earnings after tax. This is so because any award you may make here is not subject to income tax. The federal or state government will not tax any amount which you award on this basis.

Second, an amount to cover a future loss of earnings is more valuable to the Plaintiff if he received the amount today than if he received the same amount in the future. Therefore, if you decide to award plaintiff an amount for lost future earnings, you must discount it to present value by considering what return would be realized on a relatively risk free investment.

The calculation for loss of future earnings begins with the gross earnings of the injured party at the time of injury.[13] In calculating damages, you are to assume that if the Plaintiff had not been

---

[12] Pattern Jury Instructions (5th Cir.) at 4.12.

[13] *Culver v. Slater Boat Co.*, 722 F.2d 114, 117 (5th Cir. 1983) (non-pattern).

injured, he would have continued to work, and to receive wages at periodic intervals until retirement, disability, or death.[14]

## INJURY/PAIN/DISABILITY/DISFIGUREMENT/LOSS OF CAPACITY FOR ENJOYMENT OF LIFE[15]

You may award damages for any bodily injury that Mr. Taylor sustained and any pain and suffering, disability, disfigurement, mental anguish, and/or loss of capacity for enjoyment of life that he experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduce. You are not trying to determine value, but an amount that will fairly compensate the plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

## MEDICAL EXPENSE

Future medical expenses include the reasonable value of the expense of hospitalization, life care plan, medical, and nursing care and treatment that Mr. Taylor will require in the future because of his injuries which were caused by the defendants' wrongful conduct.

---

[14] *Jones & Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523, 533 (1983) (non-pattern).

[15] Pattern Jury Instructions (5th Cir.) at 15.4.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | | |
|---|---|---|
| ERIC TAYLOR | § § | |
| VS. | § § § | NO. 5:08-CV-27-R |
| TECO BARGE LINE, INC., ET AL. | § § § § | |

**Verdict Form**

1. Do you find that Defendant TECO Barge Line, Inc. was negligent and that such negligence was a cause in whole or in part of Plaintiff Eric Taylor's injuries?

 _____ Yes OR _____ No

 If you answered "yes" to question 1, then answer question 2. If not, continue to question 4.

2. Do you find that the Plaintiff Eric Taylor was negligent and that such negligence was a cause in whole or in part of his injuries?

 _____ Yes OR _____ No

 If you answered "yes" to question 2, then answer question "3". If not, continue to question 4.

3. Assuming that 100% represents the total possible amount of the Parties' liability in causing Plaintiff Eric Taylor's damage, what percentage of this 100% is allocated to each party that you have found liable in any of the preceding questions? If you have found any party free from fault that was a cause for the Plaintiff Eric Taylor's injuries, place "0" for that innocent party's percentage below.

       TECO Barge Line, Inc.                            _____%

       Plaintiff                                               _____%

4. Do you find that the vessel, M/V Diane Oak, was unseaworthy at the time of the alleged incident?

      _____ Yes         OR         _____ No

If you found Diamond Offshore Management negligent in Question 1 or if you answered "Yes" to Question 4, answer the following question.

5. State the amount of damages you award, if any, Plaintiff Eric Taylor for each of the items:

    a. Physical pain and mental anguish sustained in the past.

        Answer: _____

    b. Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future.

        Answer: _____

    c. Loss of earning capacity sustained in the past.

        Answer: _____

    d. Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future.

        Answer: _____

    e. Disfigurement sustained in the past.

        Answer: _____

    f. Disfigurement that, in reasonable probability, Plaintiff will sustain in the future.

        Answer: _____

  g.  Physical impairment sustained in the past.

    Answer: _____

  h.  Physical impairment that, in reasonable probability, Plaintiff will sustain in the future.
    Answer: _____

  i.  Medical care expenses incurred in the past.

    Answer: _____

  j.  Medical care expenses that, in reasonable probability, Plaintiff will incur in the future.

    Answer: _____

  k.  Loss of household services that, in reasonable probability, Plaintiff will incur in the future.

    Answer: _____

  Only answer the following question if you answered Question 1 "No."

6.  Do you find that Plaintiff is owed maintenance and cure?

    _____ Yes  OR  _____ No

If you answer "yes" to question 6, then please answer Question 7.

7.  How much maintenance and cure is owed to date?

    Maintenance $_____

    Cure    $_____

            _____
            Presiding Juror

  This verdict is the unanimous verdict of the jury on the _____ day of _____, 2009.